BROWN, n.k.a. Helfrich, Appellee,

v.

BROWN, Appellant.

[Cite as *Brown v. Brown* (1992), 78 Ohio App.3d 416.]

Court of Appeals of Ohio,
Hancock County.

No. 5–91–15.

Decided Feb. 28, 1992.

*Robert A. Fry,* for appellee.

*Karen E. Elliott,* for appellant.

HADLEY, Presiding Judge.

This is an appeal by defendant-appellant Anthony Brown ("appellant") from a judgment of the Hancock County Common Pleas Court, entered February 22, 1991, permanently terminating appellant's visitation rights.

Appellant and plaintiff-appellee, Loretta Brown, n.k.a. Loretta Helfrich, ("appellee") were divorced in 1981. Appellee was granted custody of the parties' one minor child, Matthew Brown, and appellant was granted visitation rights. Thereafter, appellee twice filed motions to modify visitation, primarily based on appellant's history of alcohol and drug abuse, violent tendencies and numerous encounters with law enforcement. These actions culminated in an agreed upon judgment entry, dated September 11, 1989, setting forth the parties' settlement agreement. This agreement essentially consisted of a progressive visitation schedule and, most important, the following paragraph:

"11. If at any time during the child's minority, the plaintiff presents by competent credible evidence, and the Court determines, that the defendant has engaged in activities and conduct comparable to his past history of actions and conduct, then it is understood and agreed by the parties that the Court, upon such a finding, shall permanently terminate any and all visitation."

On July 13, 1990, appellee filed a motion to permanently terminate appellant's visitation rights on the grounds that appellant had committed two DWI offenses, one in February 1990 and the other in May 1990 (he was also

charged with and found guilty of driving under suspension). The trial court granted .the motion and, on December 31, 1990, we reversed the judgment for lack of jurisdiction, as appellant had never been served and given a chance to defend in accordance with the Ohio Rules of Civil Procedures.

On January 18, 1991, appellee filed a "Motion To Enforce Settlement Agreement" on the same grounds as above, appellant's two DWI offenses. Appellant was duly served and appeared with counsel. The court then set the matter for hearing on January 31, 1991.

When appellant sought to subpoena his son, Matthew, now twelve years old, appellee filed a motion to quash the subpoena on the grounds that the purpose of the hearing was merely to look at appellant's conduct and enforce the settlement agreement. The court agreed, quashed the subpoena, and after finding that appellant's conduct was comparable to his past activities, granted appellee's motion to permanently terminate visitation.

Appellant now appeals from the foregoing judgment, posing the following three assignments of error. Appellant has discussed his first two assignments together due to their interrelationship and we will address them accordingly. Appellee has failed to file an appellate brief in response to the assignments.

### Assignment of Error No. 1

"The trial court erred in granting the plaintiff's motion to quash the subpoena to the minor child, age 12 years, where the issue before the court was visitation."

### Assignment of Error No. 2

"The trial court erred in terminating the defendant's visitation rights without making the requisite findings regarding the best interest of the minor child."

We initially note that when reviewing the propriety of a trial court's determination in a domestic relations case, reviewing courts are to apply an "abuse of discretion" standard. See *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. In other words, it was stated that:

"Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, * * * it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." (Citation omitted.) *Id.* at 144, 541 N.E.2d at 1030.

In the case *sub judice*, the crux of appellant's argument is that the trial court bypassed the statutes governing visitation by adopting too narrow

a view and treating the January 31, 1991 proceeding strictly as a hearing on the enforcement of the settlement agreement.

We disagree. Under the circumstances involved in this case, we find that appellant, by means of a settlement agreement and additional previous considerations, received the protections afforded him by statute. Pursuant to the parties' agreement, if competent credible evidence was presented regarding any comparable conduct by appellant since entering into the agreement, then he *understood and agreed* that the court would permanently terminate all visitation.

Appellant has been represented by counsel throughout the proceedings and has thus far made no contention that he was misinformed of the consequences of participating in "comparable activities." As a matter of fact, the following exchange shows the opposite to be true:

"Q When you left here in August of 1989, the last time we was in court and we put the agreement on the Record, you knew that if you got picked up for drinking while under the influence of alcohol, or anything to do with drugs, you stood a good chance of not seeing your son again, correct?

"A Yes, but I didn't plan on using alcohol or drugs any more."

██ Moreover, we do not agree with appellant's assertion that the trial court blindly enforced the parties' agreement without determining that the agreement was in the child's best interest. Appellant's past conduct was both unlawful and dangerous to himself and everyone around him, and after reviewing the entire settlement agreement, it appears clear that the court approved it with the best interest of the child in mind.

The record shows that the court conducted an *in camera* examination with the child prior to the May 1988 hearing and that other efforts were exhausted, including family counseling. The fact that appellant later sought a settlement that provided for such a harsh penalty as the total loss of visitation if his behavior lapsed indicates that he understood the severity of his past conduct and that this would be his final chance.

In addition, in stating at the January hearing that "the primary concern of the Court is really not you two, but it's what's for the best interest of this child," the court made it apparent where its interest lies. If the trial court had enforced a settlement in a manner that was not in the best interest of the child, such action would be more than an error of judgment and, thus, a clear abuse of discretion. However, we do not believe that the trial court herein approached the case in that manner.

As we find that the trial court properly viewed the scope of the hearing in terms of reviewing appellant's conduct, the court did not err in granting the

motion to quash the subpoena to the child. Additionally, we find that the court did not abuse its discretion by terminating visitation pursuant to the settlement agreement, as the action was governed by the best interest of the child.

Therefore, appellant's first two assignments of error are overruled.

### Assignment of Error No. 3

"The trial court erred in finding that the defendant's activities were 'comparable' to his history of actions where the defendant's activities were different in quantity and character."

In appellant's third assignment, the question presented to this court is whether the trial court abused its discretion in finding two DWI offenses and one offense of driving under suspension "comparable" to the offenses of domestic violence, peeling, reckless operation, fleeing and eluding, and a DWI offense that also involved cocaine. We hold that the trial court committed no error.

■ The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

■ In the case *sub judice*, it would be irrational to believe that the parties contemplated "comparable" to mean that appellant would have to commit the exact same type and number of offenses. Rather, there is one common catalyst regarding all of the offenses and appellant admitted as much at the final hearing:

"Q You're also aware that all of those incidentss [sic] that we've been in court before involved you and alcohol, right?

"A Yes.

"Q It wasn't a matter that just it was [sic] a domestic violence, it was alcohol involved and that's what brought—

"A Every time I got in trouble is because of alcohol or drugs.
" * * *

"Q Is there any difference between your conduct on May the 27th?

"A. Alcohol is involved in all of it."

In that appellant's two DWI offenses, occurring approximately five and eight months after the settlement agreement, also involved the abuse of alcohol, we cannot say that the court's ruling, that this is conduct comparable to past activities, was unreasonable, arbitrary or unconscionable.

Accordingly, appellant's third assignment of error is overruled and the judgment of the Hancock County Court of Common Pleas is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.